IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22 CR 30024-SPM |
| | ) |
| STEVEN DORFMAN, | ) |
| CANDIDA L. GIROUARD, and | ) |
| JOHN A. SAND, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' MOTION FOR ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Scott A. Verseman, Assistant United States Attorney for said district, respectfully moves this Court to enter an order governing the production of discovery in this case, as explained below:

1. The indictment in this case was returned on February 23, 2022. The indictment contains thirteen counts and charges the defendants with Conspiracy to Commit Mail and Wire Fraud (18 U.S.C. § 1349), Mail Fraud (18 U.S.C. § 1341), and Wire Fraud (18 U.S.C. § 1343). The indictment also seeks forfeiture of property traceable to the proceeds of these criminal violations.

2. Pursuant to the order entered by Magistrate Judge Sison, the parties have conducted discovery conferences in this case. The undersigned Assistant United States Attorney ("AUSA") conducted a telephonic discovery conference with Defendant Girouard's counsel, Joslyn Sandifer, on March 23, 2022. On April 6, 2022, the undersigned AUSA and counsel for Defendant Sand,

Ben Song, engaged in a telephonic discovery conference. The discovery conference with Defendant Dorfman's attorney, Paul Sims, was conducted on April 8, 2022.

3. As the undersigned AUSA informed all three defense counsel, the volume of discovery materials to be produced in this case is massive. For example, computer forensic specialists from the Federal Trade Commission ("FTC") imaged some of the computer servers at the Simple Health business facility in early November 2018. The FTC provided a copy of these forensic images to the U.S. Postal Inspection Service for purposes of their criminal investigation that led to the indictment in this case. The United States intends to provide copies of these forensic images to the defense. The volume of data from these forensic images is massive, occupying approximately 7 ½ terabytes of digital space. In addition, numerous grand jury subpoenas were issued during the investigation of this case. The records received in response to each of these subpoenas consist of huge amounts of health insurance and financial records. The records and additional information gathered by the Postal Inspection Service during their investigation is likewise massive, occupying approximately 1 additional terabyte of digital space.

4. The Simple Health company referenced in the indictment was in the business of selling health insurance policies. Because of that, the materials the United States intends to produce pursuant to Rule 16 contain incredible amounts of Personal Identifying Information ("PII") of the victims of the charged conspiracy and scheme to defraud. For example, the records obtained from Simple Health's computers, and from the insurance companies via grand jury subpoenas, contain voluminous numbers of dates of birth, social security numbers, home addresses, telephone numbers, etc. In addition, other records obtained by the Government contain bank account numbers and other types of PII.

5. Because of the volume of materials to be disclosed to the defense, redaction of PII in this case is impracticable. Administrative personnel of the United States Attorney's Office would be required to spend hours upon hours upon hours reviewing every page to be produced and redacting any PII they found. This process would be extremely time consuming, and would significantly delay production of discovery materials, arguably affecting Defendant's Speedy Trial rights.

6. Title 5, United States Code, Section 552a(b) states: "No agency shall disclose any record which is contained in a system of records by any means of communication, to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless . . . ." For purposes of this statute, "record" is defined as "any item, collection, or grouping of information about an individual . . . including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual . . . ." 5 U.S.C. § 552a(a)(4). The statute does permit disclosure of records containing PII "pursuant to the order of a court of a competent jurisdiction." 5 U.S.C. § 552a(b)(11).[1]

7. In addition, Title 18, United States Code, Section 3771 confers certain rights upon victims of federal offenses, including "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

8. During the discovery conferences, the undersigned AUSA agreed to provide early disclosure of "Jencks" material to the defense. Title 18, United States Code, Section 3500(b)(the

---

[1] The United States also notes that the Local Rules of this Court contain provisions designed to prevent public disclosure of PII. *See* Local Rules of the Southern District of Illinois, Rule 5.1(d).

"Jencks Act"), provides that after a witness has testified on direct examination, the court shall order the Government to produce all statements in the Government's possession which relate to the subject matter of the witness' testimony. Despite this schedule established by statute, the undersigned AUSA determined that in this case, the interests of justice will be best served by early disclosure of these materials, which will allow the defense to evaluate the strength of the Government's case, decide whether to proceed to trial or to seek some other resolution. In addition, early disclosure of Jencks material will avoid delays at trial, by allowing the defense to read and review witness statements and prepare for cross-examination prior to direct examination.

9. The Jencks materials which the Government has agreed to produce early include reports of witness interviews, recordings of interviews of witnesses, and a transcript of the grand jury testimony of the Postal Inspection case agent. Many of the witness interviews consist of audio and video recorded statements of former employees of Simple Health who have agreed to cooperate with the United States. Because these witnesses are cooperating with the Government, disclosure of their interviews beyond defense counsel may lead to those witnesses being threatened and/or harassed. The undersigned AUSA insisted, and defense counsel agreed, that they would not provide copies of these materials to their clients.

10. Federal Rule of Criminal Procedure 16(d)(1) grants district courts the authority to enter protective orders governing discovery in federal criminal cases. Federal Rule of Criminal Procedure 6(e)(3)(E)(i) permits district courts to authorize the disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding. . . ."

11. For the reasons set forth in the preceding paragraphs, the United States respectfully requests that this Court enter an order that: (a) permits the Government to disclose discovery materials to defense counsel which contain PII and grand jury testimony; (b) prohibits defense

counsel from publicly disclosing any materials which contain PII and grand jury testimony; (c) prohibits defense counsel from providing copies of any materials containing PII or grand jury testimony to their clients; and (d) prohibits defense counsel from providing reports of witness interviews, and video and audio recordings of witness interviews, to their clients.[2]

12.     On April 22, 2020, the undersigned AUSA emailed a draft of the proposed order to be submitted with this motion to counsel for all three defendants. Ms. Sandifer, Mr. Song, and Mr. Sims all responded and stated that they have no objection to the entry of the proposed order.

WHEREFORE, the United States of America respectfully requests this Honorable Court enter an order that (a) permits the Government to disclose discovery materials to defense counsel which contain PII and transcripts of grand jury testimony; (b) prohibits defense counsel from publicly disclosing any materials which contain PII or grand jury testimony; (c) prohibits defense counsel from providing copies of any materials containing PII or grand jury testimony to their clients; and (d) prohibits defense counsel from providing reports of witness interviews, and audio and video recordings of witness interviews to their clients.

---

[2]     The United States has no objection to defense counsel reviewing materials containing PII, reports of witness interviews, audio and video recordings of witness interviews, and grand jury testimony with their clients, so long as copies of these materials are not given to the defendants.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney


s/ *Scott A. Verseman*

SCOTT VERSEMAN
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
scott.verseman@usdoj.gov
(618) 628-3700
Fax:  (618) 628-3720

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|           ) | |
|          Plaintiff, ) | |
|           ) | |
|      vs.  ) | Case No. 22 CR 30024-SPM |
|           ) | |
| STEVEN DORFMAN, ) | |
| CANDIDA L. GIROUARD, and ) | |
| JOHN A. SAND, ) | |
|           ) | |
|          Defendants. ) | |

**Certificate of Service**

I hereby certify that on May 6, 2022, I caused to be electronically filed the foregoing "United States' Motion for Order Governing Discovery" to be filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all attorneys of record.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney


s/ *Scott A. Verseman*
SCOTT VERSEMAN
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, IL  62208
scott.verseman@usdoj.gov
(618) 628-3700
Fax:  (618) 628-3720